# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 06 2017, 9:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dillon Trumpey,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 6, 2017<br><br>Court of Appeals Case No.<br>49A05-1704-CR-666<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Linda Brown,<br>Judge<br><br>Trial Court Cause No.<br>49G10-1610-CM-39980 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Dillon Trumpey was convicted of theft, a Class A misdemeanor. On appeal, Trumpey challenges whether the State presented sufficient evidence to support his conviction. Concluding the State presented sufficient evidence, we affirm.

# Facts and Procedural History

[2] On October 10, 2016, Eric Brumlee was working as a store clerk at Inside Scoop Candies and Gifts at Castleton Square Mall. Brumlee was the only employee in the store. While he was working at the cash register, Brumlee observed a male customer, later identified as Trumpey, take several stuffed animals from a display near the entrance of the store. Specifically, Brumlee saw Trumpey take a large husky stuffed animal and leave the store without paying. Trumpey was accompanied by a female and Brumlee observed them walk quickly toward Sears. Brumlee called the police and described the perpetrator as a tall, white male with blonde hair and wearing a gray beany.

[3] Following Brumlee's report, Officer Marcus Riley of the Indianapolis Metropolitan Police Department was dispatched to Castleton Square Mall. Officer Riley found Trumpey inside Sears and detained him. Trumpey possessed a stuffed animal and his female companion had the large husky stuffed animal. Officer Riley escorted Trumpey and his companion back to Inside Scoop Candies and Gifts where Brumlee identified them as the pair that

stole merchandise from the store. Trumpey admitted to Officer Riley that he stole the merchandise, but later recanted his confession.

[4] The State charged Trumpey with theft, a Class A misdemeanor. At trial, Trumpey testified and denied stealing merchandise or ever being present at Inside Scoop Candies and Gifts. Trumpey also stated a friend who was with his group at the mall "looks just like [Trumpey] . . . ." Transcript at 41. The trial court found Trumpey guilty as charged. Trumpey now appeals.

# Discussion and Decision

## I. Standard of Review

[5] Our standard of review in claims of insufficient evidence is well settled: we neither reweigh the evidence nor judge the credibility of the witnesses, and we consider only the evidence most favorable to the verdict and the reasonable inferences that can be drawn from this evidence. *Knight v. State*, 42 N.E.3d 990, 993 (Ind. Ct. App. 2015). We will not disturb the verdict if substantial evidence of probative value supports it. *Id.* As an appellate court, we respect the trier-of-fact's exclusive province to weigh conflicting evidence. *Id.*

## II. Sufficiency of the Evidence

[6] Trumpey argues the State failed to present sufficient evidence to prove beyond a reasonable doubt that Trumpey committed theft. To convict Trumpey of theft, the State was required to prove that Trumpey "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to

deprive the other person of any part of its value or use . . . ." Ind. Code § 35-43-4-2(a) (2014).

[7] The State's evidence established that Brumlee witnessed Trumpey and a female companion in Inside Scoop Candies and Gifts. While working behind the cash register, Brumlee observed Trumpey take merchandise, specifically a large husky stuffed animal, and leave without paying. The police then apprehended Trumpey, who fit the description given to them by Brumlee. Trumpey's companion possessed a large husky stuffed animal. Brumlee later identified Trumpey as the person who stole the stuffed animals from the store and Trumpey admitted to Officer Riley that he stole them. Trumpey's argument that we should credit his testimony that he was in "the wrong place at the wrong time with the wrong person," tr. at 11, is merely a request to reweigh the evidence, which we cannot do. *Knight*, 42 N.E.3d at 993. The trial court weighed the evidence and credited Brumlee's testimony that he witnessed Trumpey take merchandise without paying for it. This is sufficient evidence to support Trumpey's conviction for theft.

# Conclusion

[8] The State presented sufficient evidence to support Trumpey's conviction for theft. Accordingly, we affirm his conviction.

[9] Affirmed.

Riley, J., and Pyle, J., concur.